No. 50.—DRURY PORTER, plaintiff in error, *vs.* ELIJAH PIERCE, defendant in error.

[1.] To a Sheriff who fails to execute a *ca. sa.* it is no excuse that the defendant in *ca. sa.* has been already arrested under another *ca. sa.* and has given a bond, &c. for his appearance, to take the benefit of the Honest Debtors' Act.

Rule *vs.* Sheriff, in Baker Superior Court. Decided by Judge PERKINS, November Term, 1855.

This rule was taken against the Sheriff, to show cause why he had not arrested James D. Hampton, under a *ca. sa.* in favor of Drury Porter. The Sheriff responded that Hampton had been previously arrested under another *ca. sa.* and had given bond for his appearance at Baker Superior Court, to take the benefit of the Honest Debtors' Act, and that the plaintiff in the second *ca. sa.* had been notified as a creditor.

The Court discharged the rule, and this decision is assign-ed as error.

Lyon, for plaintiff in error.

Strozier, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

[1.] The question is, whether it is an excuse to a Sheriff for the failure to execute a *ca. sa.* that he has already executed another *ca. sa.* against the same defendant, but in favor of another plaintiff, and that on executing that *ca. sa.* the defendant gave him a bond to appear at Court and take the benefit of the Honest Debtors' Act, and notified the plaintiff in the non-executed *ca. sa.* of his intention to take the benefit of the Act.

And we think that it is not. The plain command which a *ca. sa.* gives to a Sheriff is, that he arrest the defendant in the *ca. sa.* It is his duty to obey this command, if he can. That the defendant has been arrested under one *ca. sa.* and has given a bond to appear in Court and take the benefit of the Honest Debtors' Act, under that arrest, does not exempt him from arrest under another *ca. sa.*

And reasons are obvious, why it ought not to exempt him. The arresting creditor may compromise or abandon his suit. If he does either, of what use to any other creditor, would be the notice?

And property may come to the hands of the debtor, after he has been arrested and has filed his schedule. A new arrest would compel him to put this property in the new schedule which, by a new arrest, he would have to file. Thus, the existence of such property, would be found out.

There is no question made in this case, as to what degree of punishment the Court ought to inflict on a Sheriff for failing to arrest a person who is insolvent; whether it ought to

make him pay the debt, or less than the debt, or ought to imprison him? And of course no such question is decided.—

In *Howard vs. Crawford, Gov.* (15 *Ga.* 422,) the case was an action on the Sheriff's bond against the sureties. And the decision of this Court amounted to this: that the measure of damages was what would be compensation for the real injury, or rather loss, sustained by the creditor.

We think this case was one in which the rule ought to have been made absolute against the Sheriff; and then, that he should not have been discharged from the contempt until he had been made to suffer punishment to some extent.